UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| **KAYLA COUNTS, KAYLYNN MAJOR,** | ) | |
| **and NATHAN CHURCHILL,** | ) | |
| individually, and on behalf of others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | 23-11706-FDS |
| v. | ) | |
| | ) | |
| **WAYFAIR LLC,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON PLAINTIFFS'
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**SAYLOR, J.**

This case involves claims by current and former employees against their employer for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and the wage laws of several states. Plaintiffs Kayla Counts, Kaylynn Major, and Nathan Churchill were employed by defendant, Wayfair LLC, in various customer-service roles. They contend that Wayfair failed to compensate them for the time they spent booting up and shutting down their computers and software programs before, during, and after their shifts. They contend that in doing so, Wayfair failed to compensate its employees for the time they worked, including overtime, in violation of section 207 of the FLSA and related state laws.

Plaintiffs filed their original complaint on July 28, 2023, nearly two years ago. Defendant answered that complaint on September 29, 2023. With the consent of defendant, plaintiffs filed an amended complaint on December 8, 2023. On that same day, plaintiff moved

to conditionally certify the FLSA collective.  Defendant answered the first amended complaint on December 22, 2023.  On August 5, 2024, the Court granted plaintiff's motion to certify the FLSA collective.  On October 7, 2024, the plaintiffs moved for an order approving the FLSA notice, which the Court granted on January 8, 2025.

Then, on February 21, 2025, plaintiffs moved to toll the statute of limitations for the period between certification and notice approval.  The Court denied the motion four days later.

Plaintiffs have now moved for leave to file a second amended complaint.  In particular, they seek to add eight named plaintiffs and new claims arising under the laws of the eight states where those plaintiffs reside.

In general, courts "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, a district court need not grant a motion to amend when there is "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  A district court evaluating a motion for leave to amend a complaint "must consider the totality of the circumstance[s]." *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013).

As an initial matter, there is no basis to believe that plaintiffs have acted in bad faith, notwithstanding defendant's contentions.  And without expressing an opinion as to the merits of the plaintiffs' claims, the Court cannot say that the proposed amendments are so obviously futile that denial of the motion to amend is clearly required.  However, plaintiffs appear to have substantially delayed in adding these state-law claims to their complaint in a manner that prejudices defendant, nearly two years after the original complaint was filed.

Plaintiffs originally sued under the FLSA and the laws of the states where the three current named plaintiffs reside—South Carolina, Oregon, and Maine. Plaintiffs then used the certification and opt-in notice for their FLSA claims to identify potential members of the collective who live in other states. Now, they seek leave to amend the complaint to add eight more named plaintiffs, identified through the FLSA opt-in process, and claims arising under the laws of eight states where those plaintiffs reside—Colorado, Illinois, Nevada, New York, North Carolina, Pennsylvania, Utah, and Virginia. Those proposed additions are made with the explicit intention of creating opt-out classes of state plaintiffs, and—significantly—to permit those claims to relate back to the filing of the original complaint. (ECF 64 at 4-6). At the same time, a separate complaint has been filed before the Court asserting the same state-law claims that plaintiffs seek to add to the complaint in this case. *See Atkinson v. Wayfair, LLC*, No. 25-cv-11694-FDS.

If leave to amend were to be granted, the new state-law claims would, in fact, likely relate back to the date of filing, because they "ar[i]se out of the conduct" set out in the original complaint—that is, Wayfair's compensation policy. Fed. R. Civ. P. 15(c)(1)(B). The real difference, then, between the current complaint and the proposed second amended complaint is this: it would permit putative class members in eight additional states to join the lawsuit whose state-law claims, at least in part, are time-barred.

There appears to be nothing that would have prevented plaintiffs, in developing their original complaint, from asserting class allegations based on an investigation into where Wayfair employees lived and worked. And, in fact, the parties agreed in late 2023 that plaintiffs could amend their complaint to add state-law claims—which plaintiffs then failed to do.

3

Plaintiffs make much of the fact that it took the Court considerable time to address motions and approvals in this case. However, it is difficult to see any great prejudice to the litigants from this. Each putative member of the collective had the same opportunity as any other litigant to bring timely claims. The fact that some members with state-law claims may have "fallen out" of the collective during the period of delay is no different than those members whose claims were time-barred because plaintiffs filed their suit too late or because of delays attributable to the parties throughout the litigation.

In short, the interests of justice do not appear to require leave to amend. Plaintiffs had at least two opportunities to assert broader state-law class claims and chose not to do so. While that is only "one data point to be taken into account," and does not categorically bar amendment, it is significant where, as here, there has been a substantial delay in seeking the amendment. *See Nikitine*, 715 F.3d at 390. Plaintiffs elected to rely on FLSA opt-ins to identify the scope of their putative class. That choice had certain benefits for the plaintiffs, but also came with certain risks. The downside risk of those choices appears to have manifested. Now, they wish to make a different choice, in a way that changes the size and scope of the litigation in this case at a fairly advanced stage.

It is also true that discovery has not yet begun. But that does not mean that there is no prejudice to the defendant from the substantial changes in the scope of the litigation. The lawsuit is nearly two years old. The defendant answered plaintiff's first amended complaint in December 2023, more than eighteen months ago. There was also motion practice on the question of collective certification, a question intended to anchor the scope of the case. Requiring the defendant to backtrack in the litigation does result in prejudice, even if discovery has not started.

4

Furthermore, that prejudice is not outweighed by the benefit to the plaintiffs in this litigation, or any putative plaintiffs with unexpired claims. The only persons that will suffer any potential harm are those plaintiffs whose state-law claims have already expired, in whole or in part, under the relevant state statutes of limitation. Denying leave to amend does not at all affect the rights of any current plaintiffs, and does not affect any of their federal claims.

In short, plaintiffs unreasonably delayed in seeking to assert state-law claims they could have asserted at the beginning of this lawsuit in their first amended complaint. And that delay unduly prejudices defendant. The Court therefore finds that, based on "undue delay" and "undue prejudice to the opposing party," justice does not require leave to amend to add new claims. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (describing "the absence of due diligence on the movant's part" as a "paradigmatic example[ ]" of when denying leave to amend is appropriate).

Nonetheless, because it does not dramatically change the scope of the case, and because they were only identified recently, the newly named plaintiffs may be added to the complaint.

Accordingly, plaintiff's motion for leave to amend the complaint is GRANTED in part and DENIED in part. Plaintiffs may file a second amended complaint adding the newly named class members, but may not add any new state-law causes of action.

**So Ordered.**

Dated: July 10, 2025

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Court Judge

5